# Akin Gump
STRAUSS HAUER & FELD LLP

JAMES JOSEPH BENJAMIN, JR.
+1 212.872.8091/fax: +1 212.872.1002
jbenjamin@akingump.com

December 3, 2021

Honorable John G. Koeltl
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

Re: *United States v. Hayes, et al.*, No. 20 Cr. 500 (JGK)

Dear Judge Koeltl:

On behalf of Defendants Arthur Hayes, Ben Delo, and Samuel Reed, we respectfully submit this letter in accordance with the Court's order dated October 29, 2021 (ECF No. 170). With this letter, Defendants advise the Court and the government that they do not presently intend to assert a formal advice-of-counsel defense.

Consistent with Defendants' letter dated October 29, 2021 (ECF No. 169), however, Defendants may offer evidence of good faith and argue at trial that the government will not be able to establish that they acted with the requisite *mens rea*.[1] Defendants anticipate that the evidence will show that BitMEX developed and implemented numerous controls over time to restrict U.S. persons from trading on the platform, that these controls were enforced in good faith, and that they were commensurate with industry practice. *See id.* at 2–3.[2] The evidence will also show that, over time, BitMEX hired qualified employees and external advisors, including but not limited to lawyers, as the business grew and evolved. And the evidence will

---

[1] The Bank Secrecy Act ("BSA") requires the government to prove that any criminal violation was willful, the highest *mens rea* standard in the law. The government must prove that each defendant acted with knowledge that his conduct was unlawful and with an intent to engage in conduct that the law forbids. *See Ratzlaf v. United States*, 510 U.S. 135, 135, 141–43 (1994) (holding that for the purposes of the currency structuring prohibition in the Bank Secrecy Act, willfulness requires both knowledge that one's conduct was unlawful and specific intent to violate the law); *Cheek v. United States*, 498 U.S. 192, 201 (1991) ("Willfulness . . . requires the Government to prove that the law imposed a duty on the defendant, that the defendant knew of this duty, and that he voluntarily and intentionally violated that duty."); *see also* 1 Leonard B. Sand et al., *Modern Federal Jury Instructions: Criminal*, Instruction 3A-3 (2021) ("'Willfully' means to act with knowledge that one's conduct is unlawful and with the intent to do something the law forbids, that is to say with the bad purpose to disobey or to disregard the law.").

[2] Consistent with the terminology used in the indictment, this letter uses the term "BitMEX" to include the relevant corporate entities that own and operate the BitMEX platform.



**Akin Gump**
STRAUSS HAUER & FELD LLP

Honorable John G. Koeltl
Southern District of New York
December 3, 2021
Page 2

establish the uncertainty surrounding regulation of cryptocurrency businesses by the U.S. Commodity Futures Trading Commission ("CFTC") during the relevant time period. *See id.* at 1-2.

This anticipated evidence and argument, including the fact that BitMEX retained and consulted with lawyers among other professionals, does not require a privilege waiver or production of privileged documents. *See United States v. Bilzerian*, 926 F.2d 1285, 1293 (2d Cir. 1991) (noting that a defendant may "argue his good faith defense by means of defense counsel's opening and closing statements and by his examination of witnesses" without waiving any privileges and that any waiver depends on the content of defendant's trial testimony); *United States v. White*, 887 F.2d 267, 271 (D.C. Cir. 1989) (Ginsburg, J.) ("A general assertion lacking substantive content that one's attorney has examined a certain matter is not sufficient to waive the attorney-client privilege."); *United States v. Gasparik*, 141 F. Supp. 2d 361, 371–72 (S.D.N.Y. 2001) (declining to find a waiver based on defense opening statement in which counsel "averred generally that [the defendant] would not act without his attorney's authorization"); Memo Endorsement at 2, 5, *United States v. Ahuja*, 18 Cr. 328 (KPF) (S.D.N.Y. May 16, 2019), ECF No. 165 (declining to find a pre-trial waiver where the defense indicated that it would introduce evidence of the defendant's "awareness (and support) of the involvement of counsel at various stages of the events in question"); *see also* Tr. at 8, *United States v. Petite*, 19 Cr. 850 (JSR) (S.D.N.Y. Oct. 23, 2020), ECF No. 115.

As the Court is aware, each Defendant has a fundamental, personal Fifth Amendment right to decide whether or not to testify in his own defense at trial. *Brown v. Artuz*, 124 F.3d 73, 78 (2d Cir. 1997) ("Although counsel has the right, and indeed the professional duty, to advise his client of the benefits and pitfalls of a decision to take the stand on his own behalf, the ultimate decision regarding whether to testify belongs to the defendant." (internal citation omitted)). Defendants do not expect to make decisions about whether to testify until after the government has rested.



Honorable John G. Koeltl
Southern District of New York
December 3, 2021
Page 3

      Given the foregoing, we respectfully submit that no action is required from the Court at this time.

                                              Respectfully submitted,

                                              James Joseph Benjamin, Jr.

cc:    Counsel of Record