MBGGdwyS

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

UNITED STATES OF AMERICA,

            v.                         20 Cr. 500 (JGK)

GREGORY DWYER,
                                       Sentence
            Defendant.
------------------------------x
                                       New York, N.Y.
                                       November 16, 2022
                                       4:30 p.m.
```

Before:

                HON. JOHN G. KOELTL,

                              District Judge

                  APPEARANCES

DAMIAN WILLIAMS
    United States Attorney for the
    Southern District of New York
SAMUEL RAYMOND
    Assistant United States Attorney

JENNA M. DABBS
SEAN HECKER
JEFFREY THEN
    Attorneys for Defendant

            (Case called)

            THE DEPUTY CLERK:  Will all parties please state who they are for the record.

            MR. RAYMOND:  Good afternoon, your Honor.  Sam Raymond for the government.

            MS. DABBS:  Good afternoon, your Honor.  Jenna Dabbs for Mr. Dwyer, who is seated beside me.  And also at counsel table are my colleagues, Sean Hecker and Jeffrey Then.

            THE COURT:  Good afternoon.

            I received the presentence report prepared September 29, 2022, revised October 28th, 2022.  I have received the defense submission dated October 27th, 2022 and the government's submission dated November 2, 2022.

            Ms. Dabbs, have you reviewed the presentence report, the recommendation and the addendum with the defendant?

            MS. DABBS:  We have, your Honor.

            THE COURT:  Any objections?

            MS. DABBS:  There's one factual inaccuracy to note, your Honor, that I don't think will be consequential.  It's in paragraph 108 of the final PSR.  It relates to a civil litigation.  And there's just an error in the docket number and therefore an error in the status reflected.  The docket number of that litigation should be reflected as 20 Cv. 3232.  And regrettably, it has not been dismissed.  It is a pending civil litigation.  The other information is accurate.

1    THE COURT:  So I'll just strike the second sentence,
2 which says that it has verified the suit was dismissed.
3    MS. DABBS:  And the correction to the docket number,
4 your Honor.
5    THE COURT:  Right.
6    MS. DABBS:  That's fine.
7    THE COURT:  So paragraph 108 should say, 20 Cv. 3232,
8 and the second sentence of the paragraph is stricken.
9    Any other objections?
10    MS. DABBS:  No other objections from the defense.
11    THE COURT:  Okay.  I will listen to you for anything
12 you would like to tell me in connection with sentence.
13    MS. DABBS:  Thank you, your Honor.
14    I will be brief.  We of course have put sentencing
15 arguments in our papers submitted to the Court and I know the
16 Court has reviewed those.  The sentence that we're requesting
17 today is a sentence of the imposition of a fine.  There's a
18 stipulated fine in the plea agreement that was entered into in
19 this case.  And let me provide the reasons for that now in
20 brief, Judge.
21    I think it's fair to say that Mr. Dwyer's placement in
22 this case is somewhat unique.  That's not to say that he has
23 not, of course, fully accepted responsibility for where he sits
24 today, and of course has pled guilty to a felony charge.  But
25 he is charged in this case with the three cofounders of the

1    company, BitMEX.  He, unlike them, I guess -- well, let me back
2    up.
3             He sits in a meaningfully different place compared to
4    those other defendants, and I want to begin with the sentences
5    imposed on those defendants because I think they're the
6    starting point for the Court.  And I think it's important to
7    take account of those sentences imposed to ensure that there is
8    not a disparity in the sentence imposed on Mr. Dwyer today.
9             Mr. Dwyer -- I think the Court can tell from our
10   submission and the many letters submitted in support of him
11   today -- is a very intelligent and hardworking person.  And
12   there are many things that I could say about him personally,
13   but I will leave those to the papers.  He worked at BitMEX in a
14   business development capacity.  His role was to form strategic
15   partnerships and to interface with customers, primarily
16   institutional trading customers of the platform.  And he worked
17   very hard to give credibility to the platform in those
18   interactions and to build the business into something that I
19   think he ultimately was quite proud of, in terms of the
20   function of the platform and the service that it provided.
21            He did not have responsibility, your Honor, for any
22   regulatory or legal or compliance function at the company and
23   he is not a meaningful owner of the company.  By the time he
24   joined the company, decisions about where it would be
25   headquartered and whether it would be registered in certain

1   jurisdictions had already been made, and he didn't play any
2   role in those decisions.
3           Now, certainly, as he has acknowledged, and what
4   brings us to this day, of course, is that he worked in a
5   capacity at the company where he had an awareness of conduct
6   that ultimately meant that the platform was running afoul of
7   its obligations under the law.  And I think the Court will hear
8   from him that he deeply regrets his participation in that.  But
9   I think it's critical for the Court to acknowledge that he sits
10  in a very different position from all of his co-defendants.
11          He has already been meaningfully impacted by this
12  case, even prior to the Court's imposition of sentence.  He has
13  a felony conviction with a history of working in financial
14  services and in an industry that he very much wants to continue
15  to be able to continue to work in, of course lawfully, but that
16  will be a real hindrance on his ability to continue to do that.
17  He also is in a posture of having some uncertainty about what
18  the future will hold for him from an immigration perspective.
19  And he is someone who has a family that resides in the United
20  States and very much hopes to be able to continue to be with
21  them.  So there are meaningful consequences for him already
22  from the case.
23          And I guess I would note, in terms of distinguishing
24  him and what I think really should govern the Court's decision
25  here, all of the co-defendants, the co-defendants who are

 1    founders of the company, received below guidelines sentences in
 2    the case.  And the sentence that we have requested is
 3    essentially the way to give Mr. Dwyer a below guidelines
 4    sentence in the case, which we think is appropriate and
 5    consistent with the Court's determinations otherwise
 6            And I would add that the fine that we have requested
 7    constitute the sentence here is 15 times the applicable
 8    guidelines range for a fine.  It's a meaningful consequence for
 9    Mr. Dwyer.  And we think that it adequately takes into
10    consideration all of the sentencing factors that the Court is
11    tasked with considering at this stage.
12            THE COURT:  The government asked me to impose an above
13    guidelines sentence for at least the first defendant.  I don't
14    recall whether the sentences in each of the cases was a below
15    guidelines sentence, as opposed to a sentence within the
16    guidelines.  I remember going through the calculations as to
17    which zone each defendant was in and what a guidelines sentence
18    would have been.  It doesn't affect my sentence with respect to
19    this defendant.  When you made that comment, I wasn't sure that
20    that was accurate.
21            MS. DABBS:  Well, then, allow me to just qualify it
22    appropriately, Judge, because I certainly don't mean to be
23    inaccurate.
24            The sentence that we are requesting for Mr. Dwyer,
25    which I think I have articulated and which is in our papers, we

1  believe adequately satisfies the sentencing factors under the
2  law.  We think that the prosecution of someone in Mr. Dwyer's
3  position sends a very strong message in terms of general
4  deterrence about the approach of US law enforcement about
5  ensuring that platforms such as BitMEX are compliant with their
6  regulatory obligations.
7        And in terms of specific deterrence, I have referred
8  in brief to some of the consequences Mr. Dwyer has already
9  suffered and I think will continue to suffer in the course of
10 his professional life.  And I, without question, think he will
11 not find himself before the Court again for any reason.
12       I think in terms of the sentences that have already
13 been imposed in the case, taking account of certainly the
14 seriousness of the conduct, but also Mr. Dwyer's specific role
15 in the offense and in the company more broadly, we believe that
16 the sentence that we have requested is consistent with the
17 sentencing factors and is adequate to satisfy the sentencing
18 requirements under the law.
19       THE COURT:  Thank you, Ms. Dabbs.
20       Mr. Dwyer, have you reviewed the presentence report,
21 the recommendation and the addendum and discussed them with
22 your lawyers?
23       THE DEFENDANT:  Yes, your Honor.
24       THE COURT:  Other than what your lawyer has already
25 pointed out, do you have any objections?

1     THE DEFENDANT:  No, your Honor.
2     THE COURT:  I'll listen to you for anything that you
3  would like to tell me in connection with sentence, any
4  statement you would like to make, anything at all you would
5  like to tell me.
6     THE DEFENDANT:  Thank you.
7     I would like to apologize to the Court, to the
8  government and to my family.  I greatly regret my conduct that
9  has led to this case.
10    I can assure the Court that I take this very seriously
11 and will never again violate the law.  Finally, I would like to
12 thank the Court for its consideration and time.
13    THE COURT:  Thank you, Mr. Dwyer.
14    Mr. Raymond, has the government reviewed the
15 presentence report, the recommendation and the addendum?
16    MR. RAYMOND:  Yes, your Honor.
17    THE COURT:  Does the government have any objections?
18    MR. RAYMOND:  No, your Honor.
19    THE COURT:  I'll listen to you for anything you would
20 like to tell me in connection with sentence, any statement you
21 would like to make, anything at all you would like to tell me.
22    MR. RAYMOND:  Thank you, your Honor.
23    I will also be quite brief.  This court knows the
24 procedural history of this defendant and of the co-defendants.
25 For the reasons stated in the government's submission, your

1    Honor, particularly the seriousness of the offense, Mr. Dwyer
2    spent multiple years participating in the ongoing willful
3    criminal conduct at BitMEX.
4           The need for respect for the law, the government
5    submits that a one-year term of probation would be appropriate.
6    And just to reflect for a moment on the disparity issue. I do
7    think, first of all, as defense counsel makes note specifically
8    in their submission, the government agrees that Mr. Dwyer is
9    less culpable than his cofounders. He had less of an
10   ownership, much less of an ownership interest than his
11   cofounders, that's reflected, for example, in his fine, which
12   is a small percentage of the fine that his co-defendants paid.
13   And a one-year term of probation would also properly reflect
14   that disparity, because it would be the shortest term of
15   probation that this court has imposed in this matter among his
16   co-defendants.
17          So for those reasons, your Honor, the government
18   respectfully recommends and requests that the Court impose
19   one-year probation along with a $150,000 fine.
20          THE COURT: Thank you.
21          I adopt the findings of fact in the presentence
22   report, except I'll make the change requested by defense
23   counsel in paragraph 108.
24          Therefore, I conclude that, under the current
25   guidelines, the total offense level is six, the criminal

history category is I, and the guideline sentencing range is zero to six months. I appreciate that the guidelines are only advisory and that the Court must consider the various sentencing factors in 18 USC Section 3553(a) and impose a sentence that is sufficient, but no greater than necessary, to comply with the purposes set forth in Section 3553(a)(2).

The offense is serious; a willful violation of the Bank Secrecy Act. There are some mitigating circumstances. The defendant is certainly less culpable than his three co-defendants who were principals in the firm and had a much greater financial interest in the firm. This is the defendant's first offense and this is a nonviolent crime. The defendant has a strong family to whom he is very dedicated. This is some support for the conclusion that the defendant is unlikely to be a recidivist. The defendant has also been on pretrial release without incident for somewhat over one year.

On balance, the Court intends to impose a sentence of one-year probation, subject to all of the mandatory standard and special conditions of probation listed in the presentence report at pages 35 to 37. The Court will not impose drug testing because the defendant is low risk of substance abuse. The Court will allow international travel. The Court will allow contact with the defendant's co-defendants for business purposes. The Court will impose a $150,000 fine that the defendant has already paid. The Court will not impose

restitution, because there is no victim under 18 USC Section 3663. The Court will impose a $100 special assessment.

The sentence is consistent with the factors in Section 3553(a) and is sufficient, but no greater than necessary, to comply with the purposes of Section 3553(a)(2).

The Court notes that the sentence imposed imposes the least amount of probation of any of the defendants in this case and a fine that is substantially less than that imposed on the co-defendants, in recognition of the defendant's lower level of culpability and substantially lower level of financial interest in the firm. But the defendant's conduct was a willful violation of the statute and the sentence is sufficient, but no greater than necessary, to take into account all of the purposes of Section 3553(a)(2).

I have explained the reasons for the sentence. Before I actually impose the sentence, Ms. Dabbs, I'll recognize you for anything you wish to tell me.

MS. DABBS: Thank you, your Honor.

I just wanted to react to the Court's statement that international travel would be permitted. Mr. Dwyer's primary residence is actually outside of the United States, and we would ask that he be permitted to maintain that, consistent with supervision either when he's in the United States or however probation might approach that. But that, I understand has been done for others in the case, and that is his primary

1  residence.

2  THE COURT: All right.

3  MR. RAYMOND: Yes, your Honor. That is my
4  understanding. At least Mr. Delo had a similar condition,
5  where he was allowed to reside outside the United States.

6  THE COURT: Defendant can continue to maintain his
7  primary residence abroad.

8  MS. DABBS: Your Honor, the only other thing I would
9  note is that the probation department has recommended -- and
10  it's in the range of pages that the Court has indicated it will
11  include in the conditions -- has recommended a search condition
12  and included a rationale in the PSR for that condition stating
13  that the instant offense involved fraudulent activity. And I
14  guess I would just note for the record that I don't believe
15  that that's an accurate description here.

16  THE COURT: It's not a charge of fraud. It's a charge
17  of willful violation of the Bank Secrecy Act. It doesn't
18  eliminate the reason for the search condition.

19  Can the government refresh my recollection as to
20  whether the search condition was a condition of the other
21  conditions of probation?

22  MR. RAYMOND: Your Honor, I don't recall now. I
23  remember some discussion of it, but I just don't recall if your
24  Honor struck that condition.

25  Could you give me a moment, I'll speak with defense

1  counsel.

2         THE COURT:  Yes.  Go ahead.

3         (Conferring)

4         MR. RAYMOND:  Your Honor, after speaking with defense

5  counsel, we would respectfully request -- we will confer and

6  check the Court's judgment in the prior cases and submit a

7  letter to the Court to provide what was done for the

8  co-defendants.

9         THE COURT:  Okay.  I don't recall striking the

10 condition.  But if you bring it to my attention that I did, I

11 can change the conditions of probation.  I'll include it as a

12 condition of probation.  If necessary to change it as a result

13 of consultation, I will.

14        MS. DABBS:  Thank you, your Honor.

15        MR. RAYMOND:  I think that makes sense, your Honor.

16 Thank you.

17        THE COURT:  Anything else, Ms. Dabbs?

18        MS. DABBS:  No, your Honor.

19        THE COURT:  Before I actually impose the sentence,

20 I'll recognize the defendant for anything the defendant wishes

21 to tell me.

22        THE DEFENDANT:  Nothing further, your Honor.

23        THE COURT:  Mr. Raymond, I'll recognize the government

24 for anything the government wishes to tell me.

25        MR. RAYMOND:  No, your Honor.

1          After you impose sentence, we would move that the open
2    count be dismissed.
3          THE COURT:  Pursuant to the Sentencing Reform Act of
4    1984, it is the judgment of this court that the defendant,
5    Gregory Dwyer, is sentenced to probation for one year.  Within
6    72 hours, the defendant shall report in person to the probation
7    office in this district.  While on probation, the defendant
8    shall comply with the mandatory standard and special conditions
9    of probation listed on pages 35 to 37 of the presentence
10   report, except the defendant will be allowed to travel
11   internationally and to reside abroad.  The defendant can also
12   have contact with his co-defendants for business purposes.
13          The defendant shall refrain from any unlawful use or
14   possession of a controlled substance, but the drug testing
15   condition is not imposed.  The defendant must cooperate in the
16   collection of DNA as directed by the probation officer.  The
17   defendant shall cooperate with the immigration authorities and
18   comply with all immigration laws.  The defendant shall submit
19   his person and any property, residence, vehicle, papers,
20   computer, other electronic communication, data storage devices,
21   cloud storage or media and effects to a search by any United
22   States probation officer and, if needed, with the assistance of
23   any law enforcement.  The search is to be conducted when there
24   is reasonable suspicion concerning violation of a condition of
25   probation by the person being supervised.  Failure to submit to

1  a search may be grounds for revocation of release.  The
2  defendant shall warn any other occupants that the premises may
3  be subject to searches pursuant to this condition.  Any search
4  shall be conducted at a reasonable time and in a reasonable
5  manner.
6      The defendant shall pay a fine of $150,000, which has
7  already been paid.  It is further ordered that the defendant
8  shall pay to the United States a special assessment of $100,
9  which shall be due immediately.
10     I have already explained the reasons for the sentence.
11     Does either counsel know of any legal reason why the
12 sentence should not be imposed as I so stated it?
13     MR. RAYMOND:  No, your Honor.
14     MS. DABBS:  No, your Honor.
15     THE COURT:  I'll order the sentence to be imposed as I
16 have so stated it.
17     There is a waiver of the right to appeal the sentence;
18 correct?
19     MS. DABBS:  Correct.
20     THE COURT:  Mr. Fletcher.
21     Just so it's clear, I have indicated that the
22 defendant, as part of the conditions of probation, can have his
23 primary residence abroad, as well as be permitted to travel
24 internationally.
25     And there's a waiver of the right to appeal the

1     sentence; right?

2              MR. RAYMOND:  Yes, your Honor.

3              THE COURT:  Mr. Dwyer, generally, a defendant has the

4     right to appeal the sentence.  The notice of appeal must be

5     filed within 14 days of the entry of the judgment of

6     conviction.  The judgment of conviction is entered promptly

7     after the judge announces the sentence.

8              If the defendant cannot pay the cost of appeal, the

9     defendant has the right to apply for leave to appeal *in forma*

10    *pauperis.*  And if the defendant requests, the clerk will

11    prepare and file a notice of appeal on the defendant's behalf

12    immediately.

13             In this case, the parties advise that you have given

14    up or waived your right to appeal the sentence, and I'm

15    confident that when I took your guilty plea, I went over with

16    you the waiver of this right to appeal the sentence.  So it

17    appears that you have given up or waived your right to appeal

18    the sentence, but I go over this with you now because I want to

19    make sure that you talk to your lawyers about this so that you

20    are fully informed of all of your rights.

21             Do you understand what I said?

22             THE DEFENDANT:  Yes, your Honor.

23             THE COURT:  The government now moves to dismiss all

24    open counts; right?

25             MR. RAYMOND:  Yes, your Honor.

1          THE COURT:  And the defendant agrees?

2          MS. DABBS:  Yes, your Honor.

3          THE COURT:  All open counts dismissed on the motion of

4  the government.

5          Anything further?

6          MR. RAYMOND:  Not from the government.  Thank you,

7  your Honor.

8          MS. DABBS:  No, your Honor.  Thank you.

9          THE COURT:  Good afternoon all.

10          (Adjourned)